# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY,<br><br>        Petitioner,<br><br>    v.<br><br>HEDGPETH, Warden,<br><br>        Respondent. | Case No.  1:15-cv-00059- GSA (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO ORDER TO SHOW CAUSE , AND DENYING MOTION TO RESTORE PRIVILEGES OR GRANT ACCESS TO THE LAW LIBRARY<br><br>(ECF No. 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 15, 2014, Petitioner filed his first motion for the appointment of counsel.  (ECF No. 2).  On January 14, 2015, the Court denied that motion because the interests of justice did not require the appointment of counsel at that time.  (ECF No. 2).  On April 6, 2015, Petitioner filed his second motion for the appointment of counsel.  (ECF No. 13).  In the same document, Petitioner also requests an extension of time to file his response to the Court's March 18, 2015, order to show cause, and Petitioner requests that the Court restore his privileges or grant him access to the law library.  (ECF No. 13).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment

1

of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed because of exigent circumstances. Upon a review of Petitioner's petition and the motions filed in this case, the Court finds that Petitioner has a sufficient grasp of his claims for habeas relief and the legal issues involved, and that he is able to articulate those claims adequately at this time. Furthermore, Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. Therefore, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

It also appears that Petitioner requests an extension of time to file his response to the Court's March 18, 2015, order to show cause. Good cause having been presented to the Court, Petitioner's motion to extend time shall be granted.

It appears that Petitioner requests that the Court restore his privileges or grant him access to the law library. Although it appears that Petitioner claims he is being wrongfully denied access to the law library, the claim is not properly brought in a petition for writ of habeas corpus. A claim of this type is proper in a civil rights action. A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Because Petitioner's request challenges the conditions of his confinement and this action is proceeding under 28 U.S.C. § 2254, the Court must deny

Petitioner's request to restore his privileges or grant him access to the law library.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel is DENIED;
2. Petitioner is GRANTED **thirty (30) days** from the date of service of this order to file his response to the Court's March 18, 2015, order to show cause; and
3. Petitioner's motion to restore his privileges or grant him access to the law library is DENIED.

IT IS SO ORDERED.

Dated: **April 8, 2015**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE