# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO MCKINNEY,<br><br>    Petitioner,<br><br>    v.<br><br>HEDGPETH,<br><br>    Respondent. | Case No.  1:15-cv-00059-LJO-EPG-HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br>(ECF No. 21) |

In his petition for writ of habeas corpus, Petitioner Alonzo McKinney claims that he did not receive due process during a disciplinary proceeding concerning his possession of a weapon. For the reasons discussed below, this Court finds that the recent Ninth Circuit case of <u>Nettles v. Santos</u>, 788 F.3d 992 (9th Cir. 2015), controls.  As in <u>Nettles</u>, the results of Petitioner's disciplinary proceeding, even if affected by any lack of due process, would not "necessarily accelerate the future date of [Petitioner's] release from custody," because if he eventually qualifies for a parole hearing, the parole board may still deny parole on other grounds. Moreover, without knowing how long Petitioner will serve before the Board finds him eligible for parole, nor the length of his base term, the restoration of his credits would not necessarily affect the duration of his confinement.  Accordingly, his claims are not cognizable under the federal habeas statute.

\\

\\

1

# I.

# BACKGROUND

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 24, 2014, Petitioner filed the instant federal habeas petition in the United States District Court for the Northern District of California. (ECF No. 1). On January 9, 2015, Magistrate Judge Laurel Beeler of the Northern District of California issued an order dismissing Petitioner's first claim concerning prison conditions and transferring the action to this Court for consideration of the remaining two claims, which challenge the execution of Petitioner's sentence. (ECF No. 4).

Petitioner was convicted in 1997 in Los Angeles County Superior Court for assault with a deadly weapon on a peace officer and sentenced to a term of imprisonment of 25 years to life. Petitioner challenges his Rules Violation Report ("RVR") Log FD-12-04-0031, dated September 9, 2011, for possession of inmate manufactured weapon. Petitioner alleges that he was denied witnesses (including the reporting employee) and evidence at a disciplinary hearing on May 9, 2011, and at a disciplinary hearing on September 11, 2011. He also claims that an officer's signature was forged. The Court notes that Petitioner's first disciplinary hearing in this matter was actually on January 13, 2012. Petitioner then administratively appealed the guilty finding and was granted a new hearing. On May 24, 2012, a second disciplinary hearing was held in this matter and Petitioner was again found guilty. As a result, he lost 360 days of credits. The Court will consider his petition as a challenge to the subsequent hearing.

Respondent has filed a motion to dismiss and Petitioner has filed an opposition to the motion to dismiss. Respondent has not filed a reply to Petitioner's opposition. Respondent argues that the Court lacks jurisdiction because success on the instant habeas petition will not necessarily accelerate Petitioner's release and that the petition violates the statute of limitations.

\\
\\
\\

# II.

# DISCUSSION

**A. Lack of Jurisdiction**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In general, the Supreme Court has explained that federal habeas jurisdiction only lies for claims that go to "the validity of the fact or length of [prison] confinement." See Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The Ninth Circuit recently discussed the contours of habeas jurisdiction concerning disciplinary hearings and resulting credits in Nettles v. Grounds, 788 F.3d 922 (9th Cir. 2015). In Nettles, the Ninth Circuit ruled that, pursuant to Skinner v. Switzer, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011), habeas jurisdiction extends to claims involving prison disciplinary proceedings only if a petitioner's success will "necessarily spell speedier release," including "termination of custody, acceleration of the future date of release from custody, or reduction of the level of custody." Nettles, 788 F.3d at 1001. Applying the Skinner standard, the Ninth Circuit held that the district court in that case lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence, who had not yet been found suitable for parole. Id. at 1003-1004.

Significantly, the Ninth Circuit held that the restoration of time credits would not necessarily affect the duration of the prisoner's confinement because he had not yet been found suitable for parole and it was unknown what his term would be if he was at some future date found suitable for parole. Id. at 1004. The Ninth Circuit also rejected the argument that habeas jurisdiction existed because the expungement of the rule violation report would remove "roadblocks to parole" suitability. Id. at 1003. The Ninth Circuit held that although the rule violation report "will likely have some effect on the Board's consideration, there is no basis for concluding that the expungement of this report from the record will 'necessarily spell speedier

3

release'" or reduce his level of custody. Nettles, 788 F.3d at 1003. Accordingly, the petitioner's claim was not cognizable in habeas. Id. at 1004.

Here, Petitioner has not yet reached his minimum parole eligibility date ("MEPD"), which is March 7, 2021. (ECF No. 21-1 at 2).[1] Additionally, while Petitioner was serving his indeterminate sentence, he was sentenced to a new two-year determinate sentence for an in-prison crime, which he will not start serving until he is granted parole for his indeterminate sentence. See In re Tate, 135 Cal.App.4th 756, 764-65 (2006). Petitioner is unable to earn credits toward his two-year determinate sentence while he is still serving his indeterminate sentence, because the sentences are independent. Id.

It is true that the challenged disciplinary findings *could* affect the Parole Board's future assessment of Petitioner's suitability for parole, and, if he is ever found suitable for parole, the lost credits *could* affect the calculation of his release date. Nevertheless, it is not the case that an expungement of the disciplinary findings would *necessarily* spell speedier release. For example, Petitioner may never be found eligible for parole based on other grounds. Moreover, without knowing how long Petitioner will serve before the Board finds him eligible for parole, if ever, nor the length of his base term, it is uncertain whether the restoration of his credits would affect the duration of his confinement. Thus, expungement of the challenged disciplinary decision and restoration of any good time credits lost would not necessarily accelerate Petitioner's release from custody or reduce his level of custody. Under these circumstances, the effect of expungement or credit restoration on the duration of confinement is "too attenuated" to support habeas jurisdiction. See Nettles, 788 F.3d at 1003.[2]

Petitioner also alleges that a Secured Housing Unit ("SHU") term was imposed as part of his discipline. In Nettles, the Ninth Circuit also held that habeas jurisdiction exists for a prisoner who seeks release from SHU because "success on his claim would result in his immediate release from the SHU to the general prison population." See Nettles, 788 F.3d at 1004-1006.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] Note that, while Respondent claims that "This Court found that McKinney sufficiently alleged that the length of his confinement was affected," ECF No. 21 at 2, in an earlier order, this reading is incorrect. In the Court's order to show cause, the Court was merely summarizing Petitioner's allegations – not commenting on their sufficiency. See ECF No. 12.

1  Here, in contrast, Petitioner is no longer in the SHU. Instead, any SHU term to which Petitioner
2  was subjected to as a result of the disciplinary decision at issue here ended prior to June 2014,
3  when Petitioner's work group was changed to "A1-Full time Assignment," and thus, Petitioner
4  was not in the SHU even before this petition was filed. (ECF No. 21-1 at 3). Accordingly, the
5  petition must be dismissed for lack of jurisdiction.

6  **B. Statute of Limitations**

7  Respondent also argues that the petition should be dismissed because Petitioner filed it
8  after the one-year statute of limitations had lapsed. In response, Petitioner argues that statutory
9  and equitable tolling apply. He also claims that an impediment affected the commencement of
10  the statute of limitations.

11  As the Court has already determined that the petition must be dismissed because of a lack
12  of jurisdiction, the Court need not determine whether the petition would be barred by the statue
13  of limitations.

14  **III.**

15  **RECOMMENDATION**

16  Accordingly, the Court HEREBY RECOMMENDS that:

17  1. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction;

18  2. Respondent's motion to dismiss (ECF No. 21) be GRANTED; and

19  3. The Clerk of the Court be DIRECTED to close the case.

20  This Findings and Recommendation is submitted to the assigned United States District
21  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
22  Rules of Practice for the United States District Court, Eastern District of California. Within
23  thirty (30) days after service of the Findings and Recommendation, any party may file written
24  objections with the Court and serve a copy on all parties. Such a document should be captioned
25  "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections
26  shall be served and filed within fourteen (14) days after service of the objections. The assigned
27  United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
28  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: **October 20, 2015**         **/s/ Erica P. Grosjean**
                                                         UNITED STATES MAGISTRATE JUDGE